ORDER
The State of Mississippi has filed a motion to reset the execution for Bobby Glen Wilcher’s sentence of death imposed by a prior conviction and affirmed by this Court. See: Wilcher v. State, 448 So.2d 927 (Miss.1984). On August 1, 1984, appellant was granted a stay of his execution pending his petition for writ of certiorari in the United States Supreme Court. The United States Supreme Court denied his request for cer-tiorari on October 1, 1984, in Cause No. 84-5125 in that Court. Thus the State’s motion asserts that the appellant is under a valid and binding sentence of death awaiting this Court’s resetting of an execution date under the amended Mississippi Code Annotated section 99-19-105(7) (Supp. 1984). The 1984 amended statute provides that this “[c]ourt shall reset the date of execution not more than four (4) weeks from ... the denial of relief by the United States Supreme Court.” If applied, that deadline is very shortly approaching.
The appellant here, and respondent to the motion, opposes the resetting of an execution date alleging that his counsel intends to file a collateral petition seeking relief from the judgment and sentence, alleging constitutional merit. The response alleges an issue to be litigated in Tokman v. State, 435 So.2d 664 (Miss.1983) will have bearing on the instant case and requests the present motion to be held in abeyance until Tokman, supra, is decided. We deny this request of the appellant at this time.
*689 However, appellant requests an alternative plea of additional time to prepare and file his application for collateral relief in the state court prior to this Court’s resetting an execution date due to the lack of time and resources to do the factual and legal research by two independent sole practitioners. This request we grant adjudicating that a sixty day delay in setting the execution date is not unreasonable.
Under all existing circumstances, we invoke the inherent powers of the Court, Jackson v. State, 337 So.2d 1242, 1243 (Miss.1976), to abate the State’s motion to reset a new date of execution, but without prejudice to the State of Mississippi to renew its motion after appellant’s counsel has had sixty days from this date within which to file their collateral petition in the state courts. Upon appellant’s failure to so file within said sixty days, or upon denial of said collateral petition, the State of Mississippi may refile its motion to reset execution date.
IT IS, THEREFORE, ORDERED that the motion of the State of Mississippi to reset a new date of execution be stayed, and the sentence of the appellant is suspended under the terms mentioned above.